This is an action brought in the General County Court of Buncombe County, N.C. on an insurance policy of $20,000 which was issued plaintiff on 14 May, 1920, by defendant. The policy was on the life of plaintiff, containing supplemental indemnity agreement and supplemental permanent and total disability agreement, both of said supplemental agreements bearing date of 14 May, 1920.
The plaintiff contends: "That the annual premium on the policy in suit came due 14 May, 1929, but under the terms of the policy, a 31day period of grace was allowed for payment, thereby extending the maturity to 14 June, 1929.
On Friday, 14 June, 1929, the plaintiff, as he had often done in the past, took all of his policies in the defendant company, including the one in suit, to the Knoxville offices of the defendant and presented himself at the window between the waiting room or lobby and the main office through which premium matters were adjusted, whereupon one of the ladies in the main office came to the window and plaintiff asked to see the manager, Mr. Charles S. Lee, he told the lady that he wanted to pay his premium on the policy in suit; that he would and could pay it in cash at that time, but preferred to take advantage of whatever loan value there was on his various policies, and a dividend then due on the policy in suit, amounting to $99.84. He gave all the policies to the lady who came to the window. In consequence of and as a result of his conversation with this lady, he left all of his policies at the office and returned on Monday, 17 June, at which time he was waited on by the cashier, Miss Edith Denton, who still had his policies, and had since his last visit on the 14th, made the necessary calculations in order to determine the loan values on each of the policies and had filled in the necessary loan blanks or notes which she presented to the plaintiff for signature, stating that he would get a small check back. Plaintiff signed the papers and left the same, together with the policies, with the cashier. Plaintiff heard nothing further in regard to the matter for some time. Plaintiff, some time prior to 1929 had contracted tuberculosis, on account of which he was totally disabled and incapacitated, and in connection with an application by the plaintiff to the defendant for sick benefits on one of his other policies, the plaintiff was finally advised by the manager of the Knoxville office that the defendant company had declared a forfeiture on the policy in suit and refused to make any payments of the *Page 327 
benefits, the policy itself finally having been returned to the plaintiff some time in 1930. The application of sick and disability benefits on the other policies of the plaintiff was allowed by the defendant and are now being paid. The defendant attempted to declare the policy in suit forfeited and refused to make any payment of benefits accruing thereunder."
Prayer of the plaintiff: "That the said contract of insurance, represented by policy No. 2608872-A, and all of its provisions be declared in full force and effect and binding upon defendant, and that it be required and directed to reinstate said policy and perform all the provisions thereof as of the date of the attempted cancellation; that plaintiff have and recover of defendant, the sum of $2,500 damages sustained by plaintiff on account of attempted cancellation of said policy and refusal to pay the disability benefits already accrued under its terms. For such other and further relief as the plaintiff may be entitled to at law and in equity under the facts and circumstances of the case. For the costs of the action to be taxed by the clerk."
The defendant denied the material allegations of the complaint and as a further answer and defense: "That the said premium due on said policy 14 May, 1929, was not paid on said date or within thirty-one (31) days thereafter as required by paragraph No. 1 `Provisions and benefits' of said policy, nor did plaintiff offer to pay, nor has he at any time since that date, paid or offered to pay any premiums on said policy. That the policy further provides under paragraph No. 5 entitled, `Option of surrender or lapse,' that upon failure to pay any premium when due said policy, except as otherwise provided thereunder, shall immediately lapse. That by reason of the failure of the plaintiff to pay said premium due 14 May, 1929, said policy lapsed in accordance with said paragraph No. 5. That the policy provides in provision 7 as the plaintiff well knew, the condition, `if this policy shall lapse in consequence of the nonpayment of any premium when due, it may be reinstated at any time upon the production of evidence of insurability satisfactory to the company, and the payment of all overdue premiums with interest at six per cent per annum; any loan which existed at date of reinstatement, to be, at the option of the owner upon application for such reinstatement, either repaid in cash or continued as an indebtedness against the policy.' That the plaintiff did on 17 June, 1929, make application in writing, for reinstatement of said policy which had lapsed 14 May, 1929, and in which application for reinstatement he stated he was in sound health and had been since the date of the issuance of the said policy; and no illness or injury and had consulted no physician or physicians, and the information contained in said application is the only information defendant had as to the state of the plaintiff's health at that time or prior thereto. *Page 328 
That on 17 June, 1929, plaintiff made an application for a loan on said policy, and all other policies held by him in the defendant company, with which to pay the premium on said policy and was duly and promptly advised by defendant that there was insufficient loan value available on said policy and all other policies held by him in the defendant company to pay the said past due premiums.
That thereafter the defendant advised the plaintiff that upon the payment of the premium due and upon the production of evidence of insurability satisfactory to the company, policy 2608872-A would be reinstated, but the plaintiff has never paid said premium or produced evidence of insurability satisfactory to the defendant; on the contrary, he has advised the defendant that he cannot produce such evidence.
That the plaintiff knew, as he admits in his complaint, that his premium to this defendant on policy 2608872-A was due and payable on 14 May, 1929, and also that he had in addition thereto, a grace period of thirty-one days without interest charge in which to pay said premium on said policy after 14 May, 1929, as this provision appears in the first paragraph of the provisions and benefits of said policy. . . . That in due time the plaintiff in this action was fully advised and knew on and prior to 17 June, 1929, that he was entitled to a dividend earned on policy No. 2608872-A in the amount of $99.84, and on or about 22 August, 1929, the defendant sent to the plaintiff a check for $99.84 in payment of the earned dividend on policy No. 2608872-A which the plaintiff received and cashed on or about 29 August, 1929, in payment and acceptance of the dividend due him on the said policy, and this defendant avers that the plaintiff by his act and conduct has waived any right to ask for the reinstatement of the said policy and is estopped by his act and conduct from instituting this action by reason of any of the matters and things contained in his complaint."
The defendant further pleaded the three-year statute of limitation. C.S., 441. In the General County Court, the following issues were submitted to the jury and their answers thereto: "(1) Was the defendant's policy No. 2608872-A on the life of the plaintiff, forfeited on account of the alleged nonpayment of the premium due 14 May, 1929, thereon? Answer: No. (2) If so, did the defendant waive such forfeiture? Answer: ....... (3) Is the claim of the plaintiff barred by the statute of limitations? Answer: No. (4) What amount, if any, is the plaintiff entitled to recover of the defendant under said policy? Answer: $8,372."
Judgment was rendered on the verdict. The defendant made numerous exceptions and assignments of error and appealed to the Superior Court. Some of these exceptions and assignments of error were sustained and some overruled. The material ones sustained are as follows: "For that *Page 329 
the court erred in failing to grant the defendant's motion for judgment as of nonsuit at the close of the plaintiff's evidence.
For that the court erred in failing to grant the defendant's renewed motion for judgment as of nonsuit at the close of all of the evidence."
The plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court.
The plaintiff contends that the question involved, was there sufficient evidence justifying the trial court to submit the first issue to the jury, said issue being as follows: "Was the defendant's policy No. 2608872-A on the life of the plaintiff forfeited on account of the alleged nonpayment of the premium due 14 May, 1929, thereon?" We think the policy of insurance on plaintiff's life, if not forfeited by nonpayment of premium that plaintiff has waived any rights he may have had and estopped to enforce them.
The record discloses: (1) It is not denied that to pay the premium due 14 May, 1929, if defendant had made plaintiff a loan on the policy, it was necessary for plaintiff to pay $189.03 which he has never done. (2) That plaintiff on 17 June, 1929, signed a "request for reinstatement of policy." In which is the following: "Are you now in sound health? Yes. Are your habits sober and temperate? Yes. Have you since date of issue of the above policy (a) Had any illness or injury? If yes, give date and particulars. (a) No. (b) Consulted any physician or physicians? If yes, give date, and name and address of physician or physicians, and state for what illness or ailment. (b) No." The grace period provided in the insurance policy expired on 14 June, 1929. (3) The plaintiff was sent a check by defendant for $99.84 on 22 August, 1929, payable to his order. "Territory dividend due policy number and detail 1929, 2608872-A." The check was endorsed by plaintiff "received payment in full as detailed on reverse side." (4) Plaintiff brought the present suit on 27 May, 1932, over three years from 14 May, 1929, when the premium was due but within the 31 days of grace period. The action is brought to reinstate the policy that had been canceled by defendant.
In Murphy v. Ins. Co., 167 N.C. 334 (336), quoting numerous authorities, it is said: "It is also held by well considered cases on the subject here and elsewhere that this provision as to forfeiture, being inserted for the benefit of the company, may be waived by it, and such a waiver will be considered established and a forfeiture prevented whenever it is shown, as indicated, that there has been a valid agreement *Page 330 
to postpone payment or that the company has so far recognized an agreement to that effect or otherwise acted in reference to the matter as to induce the policyholder, in the exercise of reasonable business prudence, to believe that prompt payment is not excepted and that the forfeiture on that account will not be insisted on."
This is well settled and salutary law, but the plaintiff, being suijuris, signed the application for reinstatement and made certain representations as to his being in sound health — which was untrue — cashed the check and waited over three years, from 14 May, 1929, before bringing this action. The nonsuit was properly granted. On the entire record, we see no evidence of fraud on the part of the defendant. We have gone through the record and examined the able briefs of the litigants, but for the reasons given, the judgment must be
Affirmed.